IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| KEVIN IRVIN SHORT, #299-855<br>    Plaintiff, | *<br>*|
| v. | CIVIL ACTION NO.  RWT-05-2600<br>* |
| DAMILARE SAHEED ADISA,<br>    Defendant | * |

******

## MEMORANDUM OPINION

On September 19, 2005, Plaintiff filed a civil rights complaint pursuant to 42 U.S.C. §1983. Counsel for Defendant has filed a dispositive motion (Paper No. 15) which shall be treated as a Motion for Summary Judgment.   Plaintiff has filed an opposition. (Paper No. 17).  No hearing is needed to resolve the question as to whether Plaintiff is entitled to relief in this case. *See* Local Rule 105.6 (D. Md. 2004).

### 1. Factual Background

Plaintiff claims that on June 23, 2005, while housed at the Maryland Correctional Institution-Jessup, he exchanged words with Officer Adisa concerning his food slot remaining open. He states that Officer Adisa was disrespectful and spit on his arm and face.  Plaintiff states that several inmates on the tier threw old spoiled milk on Defendant and Defendant "assumed it was [Plaintiff]." Plaintiff claims that Officer Adisa threatened to blow up Plaintiff's family house "like Al Qada is doing in Iraq" and stated that Plaintiff would not live to see his next birthday.  (Paper No. 1).

### 2. Standard of review

A genuine issue of material fact exists if there is sufficient evidence for a reasonable jury to return a verdict in favor of the non-moving party.  See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Shaw v. Stroud, 13 F.3d 791, 798 (4th Cir. 1994).  In making this determination, the evidence of the party opposing summary judgment is to be believed and all justifiable inferences

drawn in his favor.  See Halperin v. Abacus Tech. Corp.,128 F.3d 191, 196 (4th Cir. 1997) (citing Anderson, 477 U.S. at 255).  The non-moving party may not rest upon mere allegations or denials in his pleading, however, but must set forth specific facts showing that there is a genuine issue for trial.  See Anderson, 477 U.S. at 248; Allstate Fin. Corp. v. Financorp, Inc., 934 F.2d 55, 58 (4th Cir. 1991).  The "mere existence of a scintilla of evidence in support of...plaintiff's position" is not enough to defeat a defendant's summary judgment motion.  Anderson, 477 U.S. at 252.

**A.    Harassment and Retaliation**.

Defendant presents evidence that on June 23 2005, at approximately 6:05 p.m., he and Officer Noel were conducting dinner feed-up when Plaintiff stuck his arm through the feed-up slot.  Paper No. 15, Ex. 2.  Feed-up was stopped and Plaintiff was advised that it would resume when he removed his arm from the slot.  Plaintiff then threw a "cocktail" consisting of urine and feces onto Adisa and Noel, striking them in the face and hands.  Id.  Plaintiff was served with notice of rule infraction for this event and adjudicated guilty at the subsequent adjustment hearing. Id., Ex. 3 and Ex. 4.

Plaintiff disputes that he was the source of the "cocktail" and maintains that Adisa spit on his arm in retaliation for having been struck by the "cocktail."  Paper No. 17.  Plaintiff, the non-moving party, must establish the existence of a genuine issue of material fact by presenting evidence on which a fact-finder could reasonably find in his favor.  Plaintiff has failed to submit any evidence to support his claim, or to put the material facts of this case in dispute.  See generally Gray v. Spillman, 925 F.2d 90 (4th Cir. 1991).  Although the non-moving party may rely upon a verified complaint when allegations therein are based on personal knowledge, see Williams v. Griffin, 952 F.2d 820, 823 (4th Cir. 1991), neither Plaintiff's Complaint nor his opposition to the motion for summary judgment are verified.  In contrast, Defendant Adisa as well as Officer Noel's incident reports and statement of charges concerning the events of June 25, 2005, were executed under oath.

2

Paper No. 15, Ex. 2.

Moreover, harassment and/or verbal threats by prison guards, standing alone, do not rise to a constitutional level. See Collins v. Cundy, 603 F.2d 825, 827 (10th Cir. 1979); Morrison v. Martin, 755 F. Supp. 683, 687 (E.D. N.C. 1990). In any event, the court observes that Plaintiff is no longer housed in the facility where Defendant is employed.

**B. Excessive Force.**

To the extent Plaintiff claims that Officer Adisa's spitting on him amounted to excessive force, his claim likewise fails. A claim of excessive force involves both objective and subjective elements. See Stanley v. Hejirika, 134 F.3d 629, 634 (4th Cir. 1998). The subjective element is analyzed as "whether the force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson v. McMillian, 503 U.S. 1, 6-7 (1992) The objective element is met if the officer's actions were harmful enough to offend contemporary standards of decency. Id. at 8. In making these determinations, a court must look at the need for the application of force, the relationship between the need and the amount of force applied, the extent of injury inflicted, the extent of the threat to the safety of staff and inmates as reasonably perceived by prison officials, and any efforts made to temper the severity of the response. See Whitley v. Albers, 475 U. S. 312, 321 (1986). While it is not necessary for a prisoner to show significant injury, Hudson, 503 U. S. at 9, "absent the most extraordinary circumstances, a plaintiff cannot prevail on an Eighth Amendment excessive force claim if his injury is *de minimis*." Norman v. Taylor, 25 F.3d 1259, 1263 (4th Cir. 1994); Riley v. Dorton, 115 F.3d 1159, 1167 (4th Cir. 1996).

In determining whether injuries suffered by a prisoner at the hands of prison guards are *de minimis*, a number of factors are considered, including: 1) the context in which the injuries were sustained, *i.e*., was there a disturbance which required the use of force;[1] 2) did the prisoner seek

---

[1] Stanley, 134 F.3d at 634.

3

medical care;[2] 3) were any injuries documented in medical records generated shortly after the incident;[3] and 4) are the documented injuries consistent with the prisoner's allegations of excessive force or are they more consistent with application of the amount of force necessary under the circumstances of the particular incident.[4]

Given that Plaintiff and Defendant do not agree that the event even took place, there are genuine disputes of material fact about the need for and the extent of any use of force by Defendant. Plaintiff has not, however, produced any evidence to prove that he suffered more than what the Fourth Circuit would classify as a *de minimis* injury. See Norman v. Taylor, 25 F.3d at 1262 and n.4; see also Riley v. Dorton, 115 F.3d at 1166. Thus, even accepting Plaintiff's version of the events as true, as the Court must, the injuries he claims to have suffered are *de minimis*. See Riley v. Dorton, 115 F.3d at 1167 (pain from being tightly handcuffed for six hours, welt on face from slap, and fears for safety were *de minimis* injuries); Siglar v. Hightower, 112 F.3d 191, 193 (5th Cir. 1997) (sore, bruised ear was *de minimis* injury); Norman v Taylor, 25 F.3d at 1263-64 (sore thumb caused by blow from key ring considered *de minimis* injury).

### 3. Conclusion

Given the foregoing, Defendant is entitled to summary judgment in this case. A separate Order shall be entered in accordance with this Memorandum Opinion.

Date: 8/10/06

/s/
ROGER W. TITUS
UNITED STATES DISTRICT JUDGE

---

[2] Riley, 115 F.3d at 1168.

[3] Norman, 25 F.3d at 1264.

[4] Taylor v. McDuffie, 155 F.3d 479, 484 (4th Cir. 1998).